COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



ROBERT GONZALEZ,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00301-CR



Appeal from the


205th Judicial District Court


of El Paso County, Texas 


(TC# 20040D00095) 



O P I N I O N


 Robert Gonzalez was indicted for three counts of aggravated sexual assault of a child. A
jury found him guilty on all three counts, and enhanced his conviction. The trial court sentenced
him to life imprisonment. In four issues, Appellant argues the trial court committed reversible
error by denying his challenges for cause against prospective jurors. Based on the record before
us, we affirm.

 Appellant's four issues address the trial court's denial of challenges for cause during voir
dire. See Tex.Code Crim.Proc.Ann. art. 35.16(a)(Vernon 2006). The denial of a challenge for
cause is reviewed under an abuse of discretion standard. Swearingen v. State, 101 S.W.3d 89,
98-9 (Tex.Crim.App. 2003). To do so, we review the trial court's ruling in light of the
venireperson's voir dire as a whole. Id. at 99. When the record does not contain a clearly
objectionable declaration by the venireperson, or the record demonstrates a vacillating or
equivocal venireperson, we accord great deference to the trial judge who had the better
opportunity to see and evaluate the person. Swearingen, 101 S.W.3d at 99.

Veniremember 57

 In Issue Three, Appellant argues the trial court erred by denying his challenge for cause to
Juror Number Fifty-Seven, Alicia Contreras-Nunez. The State responds by arguing that the
record indicates that Appellant's challenge for cause against Ms. Contreras-Nunez was granted,
leaving nothing for this Court to review.

 To preserve error on a denied challenge for cause, an appellant must demonstrate on the
record that: (1) he asserted a clear and specific challenge for cause; (2) he used a peremptory
strike on the challenged venireperson; (3) all his peremptory challenges were exhausted; (4) his
request for additional strikes was denied; (5) he identified a remaining objectionable juror; and
(6) he stated that he would have utilized a peremptory strike against the objectionable juror had
the court granted additional strikes. Allen v. State, 108 S.W.3d 281, 282 (Tex.Crim.App. 2003).

 Following the general voir dire by the attorneys, each veniremember who raised a hand in
response to questioning was brought to the bench for individual discussion. Ms. Contreras-Nunez expressed concern that it would be difficult for her to find Appellant not guilty because
she would have her ten-year-old daughter on her mind as she considered the evidence. The
record then indicates that the trial court granted defense counsel's challenge. In addition, the trial
court's notations on the jury panel list shows that Ms. Contreras-Nunez's name was not included
in the pool at the time peremptory strikes were exercised. The list shows that defense counsel
struck ten other panel members, not including juror number fifty-seven.

 However, for reasons which are unclear from the record, and which neither party
addresses in their briefs, Ms. Contreras-Nunez was re-examined later in individual voir dire.
According to the court reporter's record, near the end of the individual examinations,
Ms. Contreras-Nunez was again asked why she believed she could not serve as a juror. 
Following the trial court's description of the jury's role in determining guilt or innocence of the
accused, Ms. Contreras-Nunez indicated that she could consider the evidence presented and hold
the State to its burden of proof. Defense counsel's challenge for cause in this instance was
denied.

 Based on the outcome of Ms. Contreras-Nunez's first interview with the trial judge and 
particularly the notations on the trial court's panel list, and notwithstanding the puzzling 

re-interview and denial of the repeated challenge, we conclude Appellant's challenge for cause,
which was granted, was effective as well. Appellant was not forced to use a peremptory strike to
remove juror number fifty-seven from the panel and so there is nothing to review. See Feldman
v. State, 71 S.W.3d 738, 744 (Tex.CrimApp. 2002). Issue Three is overruled.

Veniremembers 11, 56, and 60

 In Issues One, Two, and Four, Appellant contends that the trial court erred in denying his
challenges for cause against veniremembers eleven, fifty-six, and sixty. All three panel members
were challenged on the basis that they expressed a bias against Appellant. Again, the test is
whether the bias or prejudice would substantially impair the prospective juror's ability to carry
out his oath and instructions in accordance with the law. See Feldman, 71 S.W.3d at 744. The
law must be explained to the prospective juror and the juror must be asked whether he can follow
that law regardless of his personal views before the juror can be excused for cause of this ground. 
Feldman, 71 S.W.3d at 744. The burden is on the proponent of the challenge for cause to
establish that the challenge is proper. Id. at 747. This burden is not met until the proponent has
demonstrated that the panel member understood the requirements of the law, and was not able to
overcome his prejudice well enough to follow it. Id. In the case of an equivocating
veniremember, the reviewing court must defer to the trial court's decision. Moore v. State, 999
S.W.2d 385, 400 (Tex.Crim.App. 1999).

 Juror number eleven in the venire panel was Mr. Carlos Perez Guardado. He was 
questioned about his ability to review the case in an unbiased manner as his nephew had been the
victim of a sexual assault. Following Mr. Guardado's admission that a family member had been
a sexual assault victim, and his concern that he would be able to put that experience aside in
deciding the case, the following exchange took place:

 The Court: And so the people that did that to him should walk free? 
The people who did that should be punished, right? The
question here is not whether -- if the person committed the
offense, they should be severely punished. There is no
question about that.

 People walking across the street should not be punished,
right? But they have to prove that this person committed the
offense and you should be able to listen to the evidence and decide
if he did it or did not. 

 And remember, the whole burden of proof is on the state. 
And until you -- you are under oath that they have got to prove it. 
Otherwise it is not guilty.

 Now, if there is a verdict of guilty, punishment, there is no
question about being hard but the question was whether he did it. 
Listen to the evidence and decide. Do you think you could? 
Thank you. Take a break.


 Defense Counsel: I would like to have questions. And I will
make a motion as well. Challenge for cause. 


 The Court: Which question?


 Defense Counsel: Well, I was going to ask, renew the question
about following the instructions.


 The Court: He said he could follow the instructions.

. . .



 Defense Counsel: My motion?


 The Court: Denied. He said he could follow the questions. 


 Based on this discussion, Appellant has not carried his burden to establish that
Mr. Guardado would not be able to follow the court's instruction despite his personal experience. 
While the transcript does not include an audible response from the prospective juror, we are
obliged to conclude, based on the trial court's response, that Mr. Guardado indicated that he
would be able to decide the case based on the evidence and instructions provided during trial. It
is within the trial court's discretion to deny a challenge for cause against a potential juror who
equivocates in his positions. See Moore, 999 S.W.2d at 400. Therefore, the trial court did not
abuse its discretion by denying Appellant's challenge for cause. See id. Issue One is overruled.

 In Issue Two, Appellant contends the trial court erred by denying his challenge for cause
to Juror Number Fifty-Six, Venesa Morales. During individual voir dire, Ms. Morales expressed
concern about the effect the trial may have on the victims, as well confusion regarding the
evidence in the case versus the events as described in the indictment. However, following the
trial court's explanation of the jury's role to evaluate the credibility of witnesses and its 

re-emphasis of the jury's duty to hold the State to its burden of proof, Ms. Morales agreed that
she could serve as a juror in this case. Therefore, much like Mr. Guardado, Appellant has simply
not demonstrated that the trial court abused its discretion by denying the challenge for cause to
Ms. Morales. See Moore, 999 S.W.2d at 400. Issue Two is overruled.

 In Issue Four, Appellant argues the trial court erred by denying his challenge for cause
against Juror Number Sixty, Lori Gabriel. Ms. Gabriel's individual voir dire proceeded as
follows:

 Venireperson Gabriel: I have two adopted children
and they are very young and I
don't think that I could be
honestly biases in this
situation like this because one
of my children has already
had kind of a rough start out
and everything and I am just
afraid that I couldn't be
honest with it.


 The Court: Understand -- okay. The question is not whether -- if that
person committed the offense, that's bad. That's bad and
that person should be punished severely but if he didn't
commit the offense, should he be wrongfully accused?


 Venireperson Gabriel: I agree. And I think the fact
that he is already here, that
they have to have so much
evidence against him.


 The Court: No, that is not particularly so. That's why I mention to you
that fact that a person has been indicted for the offense,
remember, the Defendant is not supposed to appear before a
grand jury and usually it is by statements.


 Venireperson Gabriel: You make the call, Judge.
Because I don't --


 The Court: Like I said, it is not easy at all, ma'am. And at the same
time, we all believe these things in regard to people being
abused.


 Venireperson Gabriel: And I have a thing like this, it
has happened to my son, that
has happened to him in his
short life. I think nothing like
that but a lot of neglect and
abuse and stuff like that and
so that's why.


 The Court: I mean you as a citizen.


 Venireperson Gabriel: I am ready to serve. I am just
not sure if I can be --


 The Court: You have to base your decision based on the evidence and
base your decision on the evidence. 


 Venireperson Gabriel: I don't know if I can be
[un]biased in this situation. 
If it was murder, I think I
could be easier [un]biased
than when it comes to
children. 


 The Court: Thank you. Take a break. 


 This record indicates that although she had concerns about her ability to separate her
personal experience and feelings from her deliberations, Ms. Gabriel equivocated on the question
of her ability to follow the law and decide the case on the facts presented at trial. She indicated
she was ready to serve, and deferred to the trial court to decide whether she should be placed on
the final panel. When a juror equivocates in this manner, the reviewing court must defer to the
trial court's evaluation of the veniremember. See Moore, 999 S.W.2d at 400. Because the record
does not demonstrate an abuse of discretion, Issue Four is overruled.

 We affirm the trial court's judgment.


April 17, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)